IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA DELCARMEN LOPEZ, <br> *Plaintiff,* <br> <br> VS. <br> <br> HORACE MANN INSURANCE COMPANY <br> *Defendant.* | § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> Civil Action No. 7:23-CV-202 <br> <br> **JURY DEMANDED** |

### DEFENDANT HORACE MANN INSURANCE COMPANY'S
### ORIGINAL ANSWER, DEFENSES, & JURY DEMAND

TO THE HONORABLE COURT:

Defendant Horace Mann Insurance Company ("Defendant or "Horace Mann") hereby files this Original Answer, and would respectfully show the Court as follows:

## I. ADMISSIONS AND DENIALS

1. With respect to Paragraph 1 of Plaintiff's Original Petition, the allegations are denied. The discovery level requested in this paragraph is rendered null, void, and moot by the removal of this case because it is no longer subject to the Texas Rules of Civil Procedure.

2. With respect to Paragraph 2 of Plaintiff's Complaint, Defendant admits Plaintiff is a resident of Hidalgo County, Texas.

3. With respect to Paragraph 3 of Plaintiff's Complaint, Defendant denies the allegations. Defendant is an Illinois corporation with its principal place of business in Springfield, IL., and admits it was served with process. Defendant otherwise denies all remaining allegations in this paragraph.

4. With respect to Paragraph 4 of the Plaintiff's Original Petition, the allegations are denied. This case has been removed to federal court and the state court no longer has jurisdiction over it

1

or this case. Defendant admits that this federal court has jurisdiction over this case, and that Plaintiff alleges damages, exclusive of interest and costs, within the jurisdictional limits of this federal court. Defendant otherwise denies the remaining allegations in this paragraph.

5. With respect to Paragraph 5 of the Plaintiff's Original Petition, Defendant denies that venue is proper in the state court pursuant to the statutory provision cited; however, Defendant *admits* that venue is proper in the McAllen Division of the United States District Court for the Southern District of Texas as this case has been removed. Defendant otherwise denies all remaining allegations in this paragraph.

6. With respect to Paragraph 6 of Plaintiff's Complaint, Defendant denies that Texas Rule of Civil Procedure 28 applies as this case has been removed to federal court. Defendant otherwise denies the allegations in this paragraph.

7. With respect to Paragraph 7 of Plaintiff's Original Petition, Defendant admits, based upon information and belief, that Plaintiff was involved in a motor vehicle accident on the stated date. Defendant has insufficient information to admit or deny the rest of the factual allegations, and thus denies them for that reason.

8. With respect to Paragraph 8 of Plaintiff's Complaint, Defendant admits that it issued an auto policy of insurance, subject to the terms, conditions, endorsements, and exclusions of the applicable policy of insurance. Defendant otherwise denies all remaining allegations in this paragraph.

9. With respect to Paragraph 9 of Plaintiff's Complaint, Defendant is without information sufficient from which to admit or deny what and when Plaintiff allegedly made any determination(s) under "both policies of insurance" and, therefore, denies this request. Defendant otherwise denies all remaining allegations in this paragraph.

10. With respect to Paragraph 10 of Plaintiff's Complaint, Defendant denies the allegations in paragraph 10.

11. With respect to Paragraph 11 of Plaintiff's Complaint, Defendant denies the Plaintiff is entitled to the declaratory relief set forth in paragraph 11 of the Plaintiffs' Original Petition. Defendant further denies all the remaining allegations in that paragraph.

12. With respect to Paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations and denies Plaintiff is entitled to recover any amount from Defendant, including her attorney fees, interest, and court costs from Defendant.

13. With respect to Paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations.

14. With respect to Paragraph 14 of Plaintiff's Complaint, Defendant denies that Tex. R. Civ. P. 47 applies but admits that Plaintiff seeks relief in the amount of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Defendant otherwise denies all remaining allegations in this paragraph.

15. With respect to Paragraph 15 of Plaintiff's Complaint, this is a procedural statement which contains no factual allegations that Defendant is required to admit or deny. Defendant denies that Plaintiff is entitled to recovery of any damages from it.

16. With respect to Paragraph 16 of Plaintiff's Complaint, this statement contains no factual allegations that Defendant is required to admit or deny but asserts a claim for attorney's fees based upon statute. Defendant denies that Plaintiff is entitled to attorney's fees but acknowledges that Plaintiff is seeking and requesting attorney's fees.

17. With respect to Paragraph 17 of Plaintiff's Complaint, Defendant admits this case has just recently been filed and that discovery will commence and be on-going, consistent with the federal rules of civil procedure and subject to appropriate orders of this court or as may be prescribed or

limited by same. Defendant is without information sufficient from which to admit or deny the status of Plaintiff's investigation. All remaining allegations are denied.

18. With respect to Paragraph 18 of Plaintiff's Complaint, Defendant denies the Texas rules of civil procedure apply to this case with respect to amendment of pleadings or joinder of parties. Defendant is without information sufficient from which to admit or deny whether additional facts will be discovered and therefore, these allegations are denied. Defendant otherwise denies all remaining allegations in this paragraph.

19. With respect to Paragraph 19 of Plaintiff's Complaint, Defendant joins in the demand for a jury trial. Defendant hereby respectfully asserts its right to a trial by jury.

20. With respect to Paragraph 20 of Plaintiff's Complaint, Defendant denies that the Texas Rules of Civil Procedure apply to this case as it has been removed to federal court and it is not required, therefore, to take any action in response to same as alleged in this paragraph. Defendant otherwise denies all remaining allegations in this paragraph.

21. With respect to Paragraph 21 of Plaintiff's Complaint, Defendant denies that the Texas Rules of Civil Procedure apply to this case as it has been removed to federal court and it is not required, therefore, to take any action in response to same as alleged in this paragraph. Defendant otherwise denies all remaining allegations in this paragraph.

22. With respect to Paragraph 22 and the Prayer of Plaintiff's Complaint, Defendant denies Plaintiff is entitled to Judgment against it or any of the requested relief.

## II.
## DEFENSES

**First Defense: Payment, Offset or Credit.** Defendant pleads the defense of payment pursuant to Federal Rule of Civil Procedure 8. Plaintiff was paid by Defendants policy benefits under the Personal Injury Protection (PIP) provisions of the Policy. Plaintiff is not entitled to a double

recovery and may not obtain multiple payments for the same medical bill or injury. For this reason, Defendant claims credit for all prior payments which should be an offset or reduction of the damages Plaintiff seeks.

**Second Defense: No Duty to Pay.** Defendant is under no contractual duty to pay uninsured or underinsured (UM/UIM) benefits until the Plaintiff establishes the liability and damages of the tortfeasor. See <u>Brainard v. Trinity Universal Ins. Co.</u>, 216 S.W.3d at 818. (Tex. 2007).

**Third Defense: Policy Terms, Exclusions, and Prerequisites.** Defendant further pleads and would show the amount of the insured's alleged loss constituting Plaintiff's underlying alleged damages is subject to the limits, deductibles, conditions, exclusions and other provisions as defined and set forth in the policy and corresponding Declarations Page, of which Defendant reserves all rights. Defendant asserts the application of those limits, deductibles, conditions, exclusions and other provisions, as if copied herein, *in extenso*. Accordingly, such limits, deductibles, conditions, exclusions and other provisions may preclude or limit Plaintiff's ability to recover, as Plaintiff's damages claimed in this matter have not yet been defined. Specific policy language relied upon by Defendant, and incorporated by reference, include:

<u>Section V – Uninsured Motorist Coverage/Underinsured Motorist Coverage ("UM/UIM")</u>

<u>Insuring Agreement</u>[1]

If the premium for Uninsured Motorist Coverage/Underinsured Motorist Coverage ("UM/UIM") has been paid when due, the coverage shown on the declarations will apply under this Policy and is subject to all Policy terms.

We will pay for compensatory damages an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle or underinsured motor vehicle because of:

---

[1] Form CC-N00TX1 (06/20) Pages 24 and 25 of 44.

1. Bodily injury sustained by that insured; or
2. Property damage;

as a result of an accident. The bodily injury or property damage must be caused by an accident that arises out of the ownership, maintenance, or use of that uninsured motor vehicle or underinsured motor vehicle.

***If the owner of an uninsured motor vehicle* or *underinsured motor vehicle* has liability** insurance, self-insurance or bond that applies, *we* will not make a UM/UIM payment to or for an *insured* until:

1. *We* and the *insured* reach a written settlement agreement; or
2. *We* have been given at least 30 days prior written notice of a settlement offer between the *insured* and *owner* or driver of an *uninsured motor vehicle* or *underinsured motor vehicle,* and *we* advance payment to the *insured* in an amount equal to that settlement offer.

***

<u>Who Is An Insured & Other Definitions For Section V</u>

Words and phrases shown in bold face italics will have the meaning set forth here when that word or phrase is used in this Section V, even if the word or phrase is being used in the singular, plural, possessive or active or passive tense. As used in this Section V:

An *underinsured motor vehicle* does not include any vehicle or equipment:

1. Shown on the *declarations* or covered under the Liability Coverage on this Policy;
2. *Owned* by, furnished to or available for the regular use of *you* or a *relative;*
3. Designed for use mainly off public roads except while on public roads;
4. Operated on rails or crawler treads;

6

5. While located for or being used as a residence or premises; or

6. ***Owned*** by any governmental unit or agency unless:

    a. The operator of the vehicle is uninsured; and

    b. There is no statute imposing liability for damage because of ***bodily injury*** or ***property damage*** on the governmental body for an amount not less than the limit of liability for this coverage.[2]

\*\*\*

Limits of Liability

If purchased, the limit(s) of liability for Uninsured Motorist Coverage/Underinsured Motorist Coverage ("UM/UIM") are shown on the declarations…[3]

\*\*\*

Cooperate

Any such ***person's*** or party's legal representative must cooperate in all matters with ***us,*** provide information to ***us*** and do whatever other duties are needed to settle any and all claims. Those ***persons*** or parties must:

1. Take reasonable steps after damage to or loss of property to:

   - protect all property insured from further damage or loss. ***We*** will pay reasonable expenses incurred to protect that property;

   - preserve, to the extent feasible, any and all damaged property for inspection; and

   - prevent costs when not necessary including, but not limited to, storage fees, impound fees, and parking fees.

---

[2] Form CC-N00TX1 (06/20) Page 26 of 44.
[3] Form CC-N00TX1 (06/20) Page 27 of 44.

2. Allow *us* to inspect and/or take pictures or video of:

   - any *auto* or vehicle being used at the time of, or that was involved in, an *accident* or *loss.*

   - all damage to or loss of property so it can be appraised before repair, replacement or disposal.

3. Give *us* proof of loss or claim, and under oath, if so required by *us.* If the *person* making a statement is a minor or legally incompetent, that *person's* parent or guardian may be present.

4. Cooperate with *us* to investigate, settle and/or defend any claim, arbitration, mediation, appraisal or lawsuit, and help *us* as needed to:

   - make settlements;

   - get, or authorize *us* to get or secure evidence;

   - give evidence;

   - obtain the attendance of witnesses at hearings, depositions and trial; and

   - conduct arbitration, mediation, appraisal or lawsuits.

5. Give *us* as often as *we* reasonably request:

   - current and prior *accident,* loss, *bodily injury* and treatment information we determine is reasonably related to the claim asserted; and

   - written authorization to obtain any such information *we* find is relevant or may lead to relevant information.

6. Take physical and/or mental exams, to be done at *our* expense by licensed health care providers *we* select, as often as *we* may reasonably require.

7. Give *us,* or allow *us* to get, written and/or recorded statements as often as *we* reasonably required.

8. Give *us,* and allow *us* to get with written authorization to be given to *us* by any *person* seeking coverage under this policy, any and all relevant records and/or documents (or copies thereof) including, but not limited to:

   a. medical records and reports, including current reports, notes and tests results, records of prior medical history and treatment, therapy records, and counseling records, when reasonably related to the *accident,* loss, **bodily injury, property damage** or damages asserted;

   b. credit and financial records;

   c. photographs;

   d. telephone, including cellular, text messaging and all other telephonic communication records, including billing records;

   e. employment, income and/or wage information;

   f. current and prior insurance claims records; and

   g. other records, receipts and/or invoices deemed by *us* to be relevant to investigate or settle a claim. *We* will not require tax records and/or returns unless the claim involves a claim for loss of profits or income.[4]

   *\*\*\**

---

[4] Form CC-N00TX1 (06/20) Page 39 and 40 of 44.

## III.
## JURY DEMAND

Defendant demands a jury trial. All required fees were paid.

## **PRAYER**

Therefore, for these reasons, Defendant Horace Mann Insurance Company prays that, upon final trial and hearing, Plaintiff take nothing on her claims, and for any and all such other further relief to which Defendant may show itself justly entitled, both in law and at equity.

*[Signatory Page Below]*

Respectfully submitted,

By: <u>/s/ Brad A. Allen</u>
**Brad A. Allen**
State Bar No. 00796115
Federal Id. No. 24339
E-Mail: allen@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, L.L.P.
11467 Huebner Road, Suite 175
San Antonio, Texas 78230
Telephone: (214) 298-2442
Facsimile: (214) 298-2479

**ATTORNEYS FOR DEFENDANT, HORACE MANN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, by CM/ECF filing this the 6th day of July 2023:

| | |
|---|---|
| Jesus M. Dovalina<br>DOVALINA LAW, PLLC<br>117 E. Garfield Avenue<br>P.O. Drawer 1209<br>Del Rio, Texas 78841-1209<br>ATTORNEY FOR PLAINTIFF | Via ECF: jesus@dovalinalaw.com<br>AND CERTIFIED MAIL, RRR |

<u>/s/ Brad A. Allen</u>
Brad A. Allen

11